

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

### NEWARK DIVISION

---

**SUSAN LASK,**

        Plaintiff,

-against-

**DAVIS, SAPERSTEIN & SALOMON, PC;
SAMUEL L. DAVIS; LUIS A. BARRETO &
LUIS A. BARRETO, LLC,**

        Defendants.

---

Case No. 04-4020 (WHW)

**COMPLAINT WITH INJUNCTION**

**Plaintiff demands trial by jury**

Plaintiff, Susan Lask, alleges:

## PRELIMINARY STATEMENT

1. This complaint is filed and these proceedings are instituted under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter referred to as "the Act") to recover statutory damages, reasonable attorney fees, and costs by reason of the defendants' violation of the Act and for injunctive relief.

## JURISDICTION

2. Jurisdiction of this court is invoked pursuant to 15 U.S.C. §1692k(d).

## THE PARTIES

3. Plaintiff, Susan Lask, resides in Fort Lee, New Jersey, Bergen County.

4. Defendant Davis, Saperstein & Salomon ("Davis-Saperstein") is a law firm with its principal place of business in Teaneck, New Jersey.

5. Defendant Samuel L. Davis ("Davis") is a partner of Defendant Davis-Saperstein, and works from its place of business at Teaneck, New Jersey and at all times mentioned herein was a partner of Defendant Davis-Saperstein and working within the scope of his employment with said Defendant Davis-Saperstein.

6. Defendant Luis A. Barreto, LLC (the "LLC") is a company filed in and operating under the laws of the State of New Jersey located at 450 Tappan Road, Northvale, New Jersey, 07647.

7. Defendant Luis Barreto ("Barreto") is an individual residing at 450 Tappan Road, Northvale, New Jersey, 07647 is the officer and owner of Defrendant LLC and at all times herein mentioned represented Defendant LLC as an officer, employee and owner and at all times worked within the scope of his employment and position with Defendant LLC.

8. Defendants Barreto and LLC hired Defendants Davis-Saperstein and Davis to collect an alleged disputed debt on behalf of Defendants Barretto and LLC and at all times mentioned herein Defendants Davis-Saperstein and Davis worked for and represented Defendants Barreto and LLC.

9. At all times relevant hereto, Defendants were a "debt collector" as defined in 15 U.S.C. § 1692a(6) in that they regularly collected or attempted to collect debts owed to other parties and used an instrumentality of interstate commerce and/or the mails in such collection efforts.

## FACTS

10. On September 18, 2003 Plaintiff hired Defendant Barreto to perform contractor services at her premises.

11. Defendant Barreto also operated under the auspices of Defendant LLC, unbeknownst to Plaintiff.

12. Defendants Barreto and LLC performed the work in a slipshod manner, untimely and abandoned Plaintiff's job.

13. Defendants Barreto and LLC refused to provide proof of insurance for the job as agreed to in the contract between the parties and instead threatened Plaintiff that if Defendants obtained insurance then they would charge Plaintiff more money.

14. Defendants Barreto and LLC refused to obtain permits for the job despite Plaintiff's requests and informing Defendants that unpermitted work could cause Plaintiff to lose her lease. Defendant falsely told Plaintiff the Borough did not require permits for the work and proceeded without permits.

15. Defendant Barreto used a worker that upon information and belief was under the age of 21 and another man who told Plaintiff that he was an illegal immigrant who was jailed several times.    16. Defendant Barreto told Plaintiff that the worker had immigration problems and asked Plaintiff to help him. Plaintiff dexpressed her dissatisfaction with Defendant Barreto having an illegal immigrant worker and demanded the illegal worker not appear on her premises again.

17. On October 13, 2003 Plaintiff sent Defendant Barreto a punch-list detailing Defendant Barreto's slipshod work and advising him that the last payment of $850.00 was being withheld because Defendant Barreto never completed the work and left Plaintiff with damaged work.

18. Defendant Baretto never responded in writing to the punch-list.

19. Defendant Baretto never called Plaintiff regarding the punch-list.

20. After receiving the October 13, 2004 punchlist, Defendant Barreto instead pursued a course of harassment.

21. On or about October 15, 2003 Defendant Barreto contacted Plaintiff's building management to report he worked without legal permits knowing that Plaintiff could lose her lease for having unpermitted work on the premises.

22. On or about October 15, 2003 Defendant Barretto faxed an insurance certificate to Plaintiff's management office in an attempt to gain access to Plaintiff's home without Plaintiff's permission, causing management to demand permits that Defendant Barreto never obtained and resulting in Plaintiff being called off work all day to be investigated by managment and to correct the problem Defendant Barreto purposely created to harass Plaintiff.

23. For three days after October 14, 2003 Defendant Barreto then contacted a third unrelated person, Plaintiff's friend, at her work and called her work phone to make public that Plaintiff did not pay him a disputed debt. Defendant then attempted to extort money from Plaintiff's friend by insisting that because she was Plaintiff's friend then she should pay Defendant money.

24. Defendant Barreto next conspired with Defendants Davis-Saperstein and Davis to intimidate and harass Plaintiff by sending an illegal and false collection letter, dated December 1, 2003, on their attorney letterhead (the "Letter") threatening a baseless lawsuit against Plaintiff.

25. The Letter signed by Defendant Davis on behalf of Defendant Davis-Saperstein states:

"RE: LUIS BARRETO D/B/A LUIS LLC VS. SUSAN LASK

DEAR MS. LASK:

PLEASE BE ADVISED THAT THIS OFFICE HAS BEEN RETAINED BY LUIS A. BARRETO, LLC WITH REGARD TO AN INVOICE IN THE AMOUNT OF $850.00. THE UNDERLYING INVOICE IS FOR CARPENTRY AND CABINETRY SERVICES PROVIDED ON OR ABOUT SEPTEMBER, 2003. YOU HAVE REFUSED TO ALLOW MR. BARRETO TO ADDRESS YOUR PUNCH-LIST. FURTHER, YOU HAVE CLAIMED THAT ONE OF THE WORKERS DID NOT HAVE PROPER WORKING PAPERS. MR. BARRET(sic) CATEGORICALLY DENIES THIS. PLEASE CONSIDER THIS A GOOD FAITH LETTER TENDERED TO YOU TO INDUCE YOU TO MAKE PAYMENT IN FULL OR ALLOW MR. BARRETO OR HIS EMPLOYEE TO MAKE THE NECESSARY PUNCH-LIST ADJUSTMENT TO THIS JOB.

IF I DO NOT HEAR FROM (sic) WITHIN 14 DAYS, I SHALL COMMENCE A LAWSUIT WITHOUT FURTHER NOTICE.

PLEASE BE GUIDED ACCORDINGLY."

26. Defendant Davis had a personal and business relationship with Defendant Barreto.

27. Upon information and belief, Defendants Davis-Saperstein and Davis filed the LLC for Defendant Barreto.

28. Defendant Barreto was a client of Defendants Davis-Saperstein and Davis in what was a personal injury lawsuit in HUDSON COUNTY, LUIS BARRETO v HENRY TUTTMAN, THE INTERIORS GROUP LLC, Index L 001473 99 SUPERIOR COURT HUDSON, NJ

29. During a legally recorded phone call by Plaintiff on December 3, 2004 with Defendant Davis, Defendant Davis informed Plaintiff that Defendant Barreto performed construction work at his law office, they are friends and that Defendant Davis did not investigate the circumstances of Defendant Barreto's alleged debt nor did Defendant Davis have any documentation before him. During that call Defendant Davis then made a sexually harassing comment, changing the tone of his voice and sheepishly asking "So, how's the view in your bathroom?", immediately after telling Plaintiff he was looking at pictures of her on her law office website during the call.

30. Plaintiff advised Defendant Davis during their December 3, 2003 call to retract his letter by December 5, 2003. Defendant Davis never retracted his false letter.

31. Defendant Barreto informed Plaintiff that he refers cases to Defendants Davis-Saperstein and Davis in return said Defendants do favors for Defendant Barreto.

32. On or about December 12, 2003 Plaintiff filed a Complaint pursuant to the New Jersey Consumer Fraud Act ("CFA") against Defendants Barreto and the LLC. Defendants never answered, appeared or counterclaimed in the CFA case filed by Plaintiff nor did they ever file their collection action against Plaintiff as threatened in Defendants' Davis-Saperstein and Davis' Letter.

33. Defendant Barreto did not obtain Plaintiff's approval to communicate with third parties regarding the alleged debt as required by 15 U.S.C. § 1692c(b).

34. Defendants, at all times pertinent hereto, had no intention of collecting a debt as it did not exist under the CFA.

35. Defendants at all times pertinent hereto had no intention of commencing a lawsuit within 14 days as it would have been illegal under the ACT.

36. Defendants conspired to and did send Plaintiff the false and threatening Letter to bully her into paying a debt that legally she was not responsible for.

37. The Letter was drafted and sent as a favor to Defendant Barreto to intimidate Plaintiff.

38. On or about December 19, 2003, Defendant Davis, without any basis execept to harras and annoy Plaintiff, left a message on Plaintiff's office answering machine threatening that if Plaintiff filed this complaint against him he would retaliate with sanctions against her.

39. Defendants Davis-Saperstein and Davis furthered their course of harassment against Plaintiff from February through July 27, 2004 by numerous times having their fax machine call Plaintiff's home phone number after 5 p.m. and letting it redial for over an hour at a time to tie up Plaintiff's personal line. Plaintiff warned Defendants Davis-Saperstein and Davis to stop harassing her by faxing to a non-fax number which was her home and that if they continued she would file a criminal complaint. Defendant Davis responded that Plaintiff had no right to threaten a criminal complaint and then he proceeded to immediately make some 10 more harassing fax calls to Plaintiff's home and on three additional separate occassions in June and July, 2004 again had his tfax redial and ring Plaintiff's home phone some 30 times for no legitimate purpose other than to harass and annoy Plaintiff.

40. Because of Defendant Davis' bizarre behavior, in June, 2004 Plaintiff conducted an investigation of Defendant Davis and was informed by twelve attorneys in the local Bergen and Hudson County area that Defendant Davis had a criminal history of arrest for rape, a cocaine problem and that he is known as harassing and unbalanced.

41. After Plaintiff numerous times warned him not to contact her through her personal e-mail, on July 20, 2004, Defendant Davis again without any basis sent a threatening e-mail communication to Plaintiff's personal e-mail, falsely stating that Plaintiff was violating "Court Rules" in an effort to harass and intimidate Plaintiff from proceeding on her $15,000 judgment against Defendants Barreto and LLC. Plaintiff wrote again to Defendant Davis not to contact her in any way because of his past sexual comments to Plaintiff, that he was annoying Plaintiff and making her sick and not to e-mail her again.

42. Despite Plaintiff's numerous warnings since February, 2004 to leave her alone via e-mail and stop using her private home number as a fax line, again on July 27, 2004 at about 11:00 a.m. Defendant Davis sent Plaintiff another e-mail of a non-sensical letter to a Judge copied to Plaintiff as "Susan Lask, <u>Via Fax and E-Mail</u>" and simultaneously Defendant Davis repeatedly called Plaintiff's home number again for an extended period of time via his fax machine, leaving it on redial to interrupt Plaintiff's private calls and solitude in her home.

43. On July 27, 2004 Plaintiff filed a criminal complaint against Defendant Davis for harassment under *N.J.S.A.* 2C:334. The police on that date contacted Defendant Davis and informed him to stop faxing to Plaintiff's home number and that a complaint was being filed against him.

44. On July 28, 2004 Defendant Davis sent a messenger to Plaintiff's residence to personally serve a baseless Notice of Cross Appeal filed by Defendant Davis which was not based upon any final order to cross-appeal from and attached thereto was Defendant Davis' motion that was rejected by the court, containing bizarre and false statements by Defendant Davis. Sending said Notice of Appeal via messenger was for no legitimate purpose other than to retaliate agaisnt Plaintiff for filing a criminal complaint.

45. Plaintiff has suffered and continues to suffer irreparable injury in that she fears additional unlawful actions by the Defendants. No remedy at law is adequate and an injunction is mandated.

## CLAIMS FOR RELIEF

### Count I-Violations of the ACT

46. Plaintiff hereby repeats and alleges paragraphs 1 through 45 as if fully recited herein.

47. Defendants failed to comply with the ACT with respect to Plaintiff as follows:

(a) failed to send Plaintiff the written notice required by 15 U.S.C. § 1692g within five (5) days of the initial contact with Plaintiff and failed to give Plaintiff 30 days to respond;

(b) used unfair and unconscionable means to attempt to collect a debt by attempting to collect an amount not permitted by law in violation of 15 U.S.C. §1692f(1);

(c) sent an annoying Letter for the purpose of harassment of the Plaintiff in violation of 15 U.S.C. § 1692d(5);

(d) made false representations that Plaintiff would be subject to a lawsuit for failure to pay a debt in violation of 15 U.S.C. § 1692e(4);

(e) threatened to take legal action that was not intended by threatening to file suit or commerce action knowing they would not nor could not do so and did not intend to do so in violation of 15 U.S.C. §1692e(5);

(f) the Letter falsely represented an amount due in violation of 15 U.S.C.§ 1692e(5);

(g) Defendant Barreto communicated with third parties in violation of 15 U.S.C. §1692c(b);

(h) Defendant Barreto's third party communications in an effort to collect a "debt" subsequent to Plaintiff's October 14, 2003 communications to Barreto and December 3, 2003 notice to Defendants Davis-Saperstein and Davis was illegal as Defendants were obligated to cease all collection efforts in violation of 15 U.S.C. § 1692g(b).

(i) the Letter failed to advise that if the validity of the debt, or any part of it, is disputed then the debtor must so advise within 30 days or the debt will be assumed to

be valid, in violation of 15 U.S.C. § 1692a(3); and

(j) the Letter did not contain a statement that if the debtor notifies the creditor within 30 days that the debt or any part of it is disputed, then the creditor will provide verification of the debt before proceeding with further collection activity, in violation of 15 U.S.C. §1692a(4).

48. As a proximate result of all said outrageous conduct, Plaintiff became seriously sick, disabled and infirm and psychologically distressed, sought medical attention and psychological counseling and was prescribed prescriptions for anxiety, stomach pain and suffered additional nausea, sleeplessness, headaches and body aches

### Count II -Statutory Damages

49. Plaintiff hereby repeats and alleges paragraphs 1 through 48 as if fully recited herein.

50. As a result of these violations, Plaintiff is entitled to recover a statutory penalty of One Thousand dollars ($1,000.00), reasonable attorney fees, and costs of this action as provided by 15 U.S.C. §1692k(a) against each of the Defendants.

### Count III -Invasion of Privacy

51. Plaintiff hereby repeats and alleges paragraphs 1 through 50 as if fully recited herein.

52. Defendant Barreto for himself and through Defendant LLC acting within the scope of his employment and authority, willfully and maliciously, and without Plaintiff's consent or legal authority, invaded Plaintiff's right of privacy, subjected Plaintiff to harassment and intimidation, and invaded Plaintiff's seclusion, solitude, and private affairs, by, but not limited to the above stated allegations and also the following means, instrumentalities, and methods:

(a) By contacting Plaintiff's building management and misrepresenting that he had permission to enter Plaintiff's home by faxing a false insurance certificate and purposely stating that he did unpermitted and unlawful work at Plaintiff's home, knowingly subjecting Plaintiff to interrogation by her building management, building security and the Borough Building Department;

(b) By frequently telephoning and appearing personally and uninvited to Plaintiff's friends during December 7 through December 16, 2003, at their work and homes then falsely stating Plaintiff owed Defendant money for work he did not do;

(c) By hiring Defendants Davis-Saperstein and Davis to initimidate Plaintiff to pay an alleged debt by threatening a baseless lawsuit; and

(d) By allowing Defendants Davis-Saperstein and Davis to pursue a course of harassment against Plaintiff.

53. Though Plaintiff and her friends requested that Defendant Barreto cease the actions and statements alleged above, Defendant refused to do so and continued to harass plaintiff and her firends as stated above.

54. On each of the above-mentioned occasions, the actions and statements of Defendant Barreto imputed to persons present that Plaintiff was dishonest and guilty of obtaining property by false pretenses, a crime of moral turpitude.

55. Defendant Barreto knew or should have known that his actions and statements would be offensive to persons of ordinary sensibilities and that the statements of Defendant Barreto concerned details of Plaintiff's life that Plaintiff did not want exposed to the public. The actions and statements alleged above were not justifiable efforts to collect Plaintiff's alleged debt. They wereoppressive and threatening acts and statements calculated to coerce Plaintiff's payment of a disputed debt.

56. As a direct and proximate result of the actions and statements alleged above, Plaintiff's reputation was severely damaged, and Plaintiff suffered humiliation, embarrassment, and public ridicule causing Plaintiff severe pain and mental anguish, all to Plaintiff's damage.

57. Defendants acted maliciously and with a wanton disregard of Plaintiff's feelings and reputation, for which Plaintiff seeks punitive damages.

### Count III-Emotional Distress

58. Plaintiff hereby repeats and alleges paragraphs 1 through 57 as if fully recited herein.

59. Defendant Barreto intended to cause emotional distress to Plaintiff by his course of disturbing conduct as alleged herein, and to wit:

    (a) contacting Plaintiff's building management office after his services were terminated and reporting that he did work in her apartment without permits, knowing that Plaintiff could be penalized and even lose her lease for unpermitted work.

    (b) faxing a false insurance certificate after his services were terminated in an effort to gain access to Plaintiff's premises without Plaintiff's knowledge or permission;

    (c) contacting Plaintiff's friend on several occasions personally at her office and her work phone and falsely stating Plaintiff owed Defendant money, then attempting to extort that money from Plaintiff's friend;

    (d) engaging Defendants Davis-Saperstien and Davis to send a false December 3, 2003 collection letter to Plaintiff threatening a baseless lawsuit in 14 days; and

    (e) allowing Defendant Davis as Defendants Barreto's and the LLC's representative

to harass and annoy Plaintiff continually subsequent to December 3, 2004 through July 27, 2003 and as stated hereinabove.

60. Defendants Davis-Saperstein by their partner Defendant Davis and Defendant Davis pursued a course of harassment from their law office by making harassing calls, sexually disturbing comments and e-mail communications and threats as stated hereinabove which numerous times Defendant Davis was warned by Plaintiff to cease and desist such disturbing commununications.

61. Defendants acted maliciously and with a wanton disregard of Plaintiff's feelings and reputation, for which Plaintiff seeks punitive damages.

62. The conduct by said Defendants was outrageous and more disturbingly outrageous to have come from a law office and attorney that should not be engaging in such disturbing and harassing misconduct.

63. As a proximate result of all said outrageous conduct, Plaintiff became seriously sick, disabled and infirm and psychologically distressed, sought medical attention and psychological counseling and was prescribed prescriptions for anxiety, stomach pain and suffered additional nausea, sleeplessness, headaches and body aches.

**Count IV-Civil Harassment**

64. Plaintiff hereby repeats and alleges paragraphs 1 through 63 as if fully recited herein.

65. Plaintiff is one of the class for whose benefit the statute N.J.S.A. 2C:334 was enacted as it is to protect individuals from harssment, the Legislature intended to create a private cause of action under the statute as upheld by the courts of this state, and the implication of a private cause of action is consistent with the underlying purposes of the legislative scheme to prevent civil harassment.

66. Defendants pursued a course of intentional conduct via the Letter, the fax phone calls, e-mails and by personal attacks and threats to Plaintiff and her friends as alleged herein, has seriously alarmed, annoyed, or harassed Plaintiff

67. As a proximate result of all said outrageous conduct, Plaintiff became seriously sick, disabled and infirm and psychologically distressed, sought medical attention and psychological counseling and was prescribed prescriptions for anxiety, stomach pain and suffered additional nausea, sleeplessness, headaches and body aches

*Wherefore*, Plaintiff prays for judgment against all Defendants as follows:

1. Statutory damages of One Thousand dollars ($1,000.00) against Defendant;
2. Actual damages on all Counts alleged herein and according to the proof at trial;

3. Compensatory damages;
4. Punitve damages against all Defendants;
5. Reasonable attorney fees, court costs and interest;
6. To enjoin Defendants from communicating with Plaintiff in the manner complained of herein and communicating to third parties regarding an alleged debt; and
7. Such other and further relief as the Court may deem just.

Dated: August 18, 2004

Susan Lask-Plaintiff pro se
6 Horizon Road, #1706
Ft Lee, NJ 07024
(201)886-2215